CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAR 0 7 2008

LODGED_____
PAID_____ DOCKETED_____

Below is an order of the court.

*Elizabeth L. Perris*
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | Case Nos.    97-31374-elp7(Lead Case) |
| W.J. HOYT SONS MANAGEMENT CO., LTD., ) | 97-31375-elp7 (Substantively Consolidated) |
| and W.J. HOYT SONS RANCHES, MLP, ) | |
| ) | SUCCESSOR TRUSTEE'S OBJECTION TO |
| ) | CLAIM NO. 264(MGT), **AND** |
| Debtors. ) | **ORDER AND NOTICE THEREON** |

1. The Successor Trustee objects to Claim No. 264 (MGT), filed in the amount of $5,000,000.00, by **Armanda Eagan - Ramirez**, whose current filed address is P O Box 450, Guadalupita, NM 87722   .

2. The Successor Trustee objects to such claim on the ground(s) it (check all applicable sections):

   _X_ Does not specify whether it represents: (a) a claim for the amount paid to purchase limited partnership interests in one or more of the Debtor entities; (b) a claim for damages arising from the purchase of limited partnership interests in one or more of the debtor partnerships, or (c) some other type of unspecified claim.

   [Claimant should note that damage claims arising from the purchase of limited partnership interests in one or more of the debtor partnerships are subordinate to all other claims and interest in the case under 11 USC §510(b) and will likely not be paid in this case. Claims for the amount paid to purchase limited partnership interests may receive a small distribution.]

   ___ The creditor filed a secured claim, but neither: (a) specified that any portion of the claim should be treated as unsecured nor (b) requested a hearing to determine the value of their collateral, and therefore the Successor Trustee objects to any portion of the claim being treated as unsecured.

   ___ Does not include a copy of security agreement and evidence of perfection.

763 (As Modified By Court order)   **Page 1 of 2**    *** SEE NEXT PAGE ***

2. (Cont'd)

    ___ Fails to assert grounds for priority.

    ___ Does not include a copy of the writing upon which it is based.

    ___ Duplicates Claim No._ filed by _.

    ___ Does not include an itemized statement of the account.

    _X_ <u>Distribution of $162.43 made in prior Hoyt bankruptcy case reduces allowed claim amount</u> _____.

3.   The Successor Trustee recommends said claim be:

    ___ Disallowed in full.

    ___ Allowed as a claim in the amount of $ for damages arising from the purchase of limited partnership interests in one or more of the debtor partnerships.

    _X_ <u>Allow as a claim in the amount of $4,999,837.57 for damages arising from the purchase of limited partnership interests in one or more of the debtor partnerships</u> _____.

4.   The Successor Trustee reserves the right to file further objections to the claim as needed.

5.   **THE SUCCESSOR TRUSTEE CERTIFIES THAT** a copy of any Withdrawal of this Objection will be served on all parties that were served a copy of this Objection (*i.e.*, the U.S. Trustee; debtors, the creditor at the address shown above, and their respective attorneys; and, if the creditor is a federal agency, on the U.S. Attorney for the District of Oregon and the U.S. Attorney General).

DATE: 3/7/2008          /s/ Martin P. Meyers

| | |
|---|---|
| Service Address: | Howard M. Levine OSB: 80073<br>Martin P. Meyers OSB: 99082<br>Sussman Shank LLP<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205 |

Attorneys for Successor Trustee

Phone Number: 503-243-1632

**NOTICE IS GIVEN, and it is ORDERED,** that the claim referenced above shall be disallowed or allowed as recommended above without further order unless within 42 days of the date of the entry of this *Order* the creditor EITHER: (1) sends, WITH a copy of this objection, the proper documentation to counsel for the Successor Trustee at the service address above, AND receives a written withdrawal of objection; OR (2) BOTH: (a) files a written request for a hearing, SETTING FORTH the specific grounds for such request, with the Clerk of Court at 1001 SW 5th Ave. #700, Portland OR 97204; AND (b) serves a copy thereof on counsel for the Successor Trustee at the service address above. [NOTE: This Order does not indicate how the Court will rule if a timely request for hearing is filed.]

**IT IS FURTHER ORDERED** that counsel for the Successor Trustee shall within ten (10) days of the date of the entry of this *Order* (1) serve the creditor named in pt. 1 above per FRBP 7004 and 9014 with a copy of this signed order AND (2) file a *Certificate of Service* with the Clerk of Court reflecting service on the creditor named in pt. 1 above.